# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| CARLOS JULIO, on behalf of himself and all other persons similarly situated who were employed by KBR, INC., BOLTON HOLDINGS, LLC d/b/a/ INDUSTRIAL TENT SYSTEMS LLC, BOLTON HOLDINGS, LLC d/b/a LODGING SOLUTIONS LLC, INDUSTRIAL TENT SYSTEMS, LLC, LODGING SOLUTIONS, LLC, and STAR PAYMENT SYSTEMS, INC., <br><br>                                      Plaintiffs, <br><br>- against - <br><br>KBR, INC., BOLTON HOLDINGS, LLC d/b/a/ INDUSTRIAL TENT SYSTEMS LLC, BOLTON HOLDINGS, LLC d/b/a LODGING SOLUTIONS LLC, INDUSTRIAL TENT SYSTEMS, LLC, LODGING SOLUTIONS, LLC, and STAR PAYMENT SYSTEMS, INC., <br><br>                                      Defendants. | **Case No.: 3:22-cv-530** <br><br>**FLSA COLLECTIVE ACTION/CLASS ACTION COMPLAINT** <br><br>**Jury Trial** |

Named Plaintiff Carlos Julio, individually and on behalf of all others similarly situated ("Plaintiffs"), alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. § 207 and Va. Code Ann. §§ 40.1-29 (referred to herein as the Virginia Wage Payment Act, or VWPA), and 40.1-29.2 (the Virginia Overtime Wage Act, or VOWA), to recover overtime wages owed to Plaintiffs.

2. Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the additional Virginia law claims are asserted as class actions

under Federal Rule of Civil Procedure 23, the Virginia Wage Payment Act ("VWPA"), Code of Va. § 40.1-29, and Virginia Overtime Wage Act ("VOWA"), Code of Va. § 40.1-29.2, to recover unpaid overtime wages, regular wages, liquidated and/or treble damages, and other applicable damages.

3. Beginning in approximately July 2019 and, upon information and belief, continuing through the present, Defendants KBR, Inc., Bolton Holdings, LLC d/b/a Industrial Tent Systems LLC, Bolton Holdings LLC d/b/a Lodging Solutions, LLC, Industrial Tent Systems LLC, Lodging Solutions, LLC, and Star Payment, Systems, Inc. (collectively "Defendants") have engaged in a policy and practice of requiring their employees to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal law.

4. The FLSA collective is made up of all persons who have been employed by Defendants to perform kitchen work, including as cooks, food preparers, dishwashers, cleaners, helpers, servers, and in other similar kitchen-related tasks at Fort Pickett in Blackstone, Virginia within three years prior to this action's filing through the trial of this action (the "Collective Period").

5. The Rule 23 class is made up of all persons who have been employed by Defendants to perform kitchen work, including as cooks, food preparers, dishwashers, cleaners, helpers, servers, and in other similar kitchen-related tasks at Fort Pickett in Blackstone, Virginia within three years prior to this action's filing through the trial of this action (the "Class Period").

6. Plaintiffs, on behalf of themselves and members of the FLSA Collective and Rule 23 class, seek unpaid overtime wages, liquidated damages, pre and post judgment interest, attorneys' fees and costs, and all relief allowed by law arising out of the Defendants' FLSA/State

law violations.

## JURISDICTION

7. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

8. This Court has personal jurisdiction over Defendants because of Defendants' conduct within this District and Division.

## VENUE

9. Venue for this action in the Eastern District of Virginia under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of Virginia, and the Plaintiffs and Defendants are subject to personal jurisdiction in this district.

10. Specifically, Defendants maintain a significant working presence within this District and Division and Plaintiffs worked for Defendants within this District and Division.

## THE PARTIES

11. Plaintiff Carlos Julio is an individual who resides in Kentucky, and who formerly worked for Defendants as a kitchen worker at Fort Pickett in Blackstone, Virginia from approximately August 24, 2021 to November 18, 2021.

12. Upon information and belief, Defendant KBR, Inc. is a business located at 601 Jefferson Street, Houston, Texas, 77002.

13. Upon information and belief, Defendant Bolton Holdings, LLC d/b/a Industrial Tent Systems LLC is a business located at 13101 Almeda Road, Houston, Texas 77045.

14. Upon information and belief, Defendant Bolton Holdings, LLC d/b/a Lodging Solutions LLC is a business located at 13101 Almeda Road, Houston, Texas 77045.

15. Upon information and belief, Defendant Industrial Tent Systems, LLC is a business located at 10934 Hazelhurst Dr., Houston, TX 77043.

16. Upon information and belief, Defendant Lodging Solutions, LLC is a business located at 10934 Hazelhurst Dr., Houston, TX 77043.

17. Upon information and belief, Defendant Star Payment Systems, Inc. is a business located at 6301 SW 164th Path, Miami, Florida 33193.

18. At all relevant times hereto, Defendants were "employers" of Plaintiffs and other similarly-situated employees, within the meaning of the FLSA.

19. At all relevant times, Defendants maintained control, oversight, and direction over the operations of the work performed by Plaintiffs, including payroll practices, scheduling, and had the power to hire and fire Plaintiffs.

20. At all relevant times, Defendants had substantial control of the working conditions of the Plaintiffs and over the unlawful policies and practices alleged herein.

21. At all relevant times here to, under 29 U.S.C. 201 *et seq*. and the cases interpreting the same, Defendants were "enterprises" engaged in commerce or in the production of goods for commerce.

22. Upon information and belief, Defendants' gross yearly revenues are in excess of $500,000.00.

23. At all relevant times, Plaintiffs performed work for Defendants that required them to handle or otherwise work with goods or materials that have been moved and produced for commerce, such as food products and kitchen equipment.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

24. This action is properly maintainable as a collective action pursuant to the Fair Labor

Standards Act, 29 U.S.C. § 216(b).

25. This action is brought on behalf of the Named Plaintiff and a putative collective of all persons who have been employed by Defendants to perform kitchen work, including as cooks, food preparers, dishwashers, cleaners, helpers, servers, and in other similar kitchen-related tasks during the Collective Period.

26. Plaintiffs regularly worked in excess of 40 hours per week, without receiving proper overtime compensation as required by applicable federal law.

27. Plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and practice to violate the FLSA by failing to provide overtime wages at the rate of one and one-half times the regular rate of pay, for all time worked in excess of 40 hours per week.

28. As part of their regular business policy and practice, Defendants intentionally, willfully, and repeatedly violated the FLSA by willfully failing to pay Plaintiffs overtime at a rate of one and one half times the regular rate of pay.

29. Upon information and belief, Defendants uniformly apply the same employment policy and practice to all members of the putative collective.

30. The putative collective is so numerous that joinder of all members is impracticable. Although the precise number of putative collective members is unknown, upon information and belief, the size of the putative collective is believed to be in excess of 100 individuals. In addition, the names of all potential members of the collective are not known.

31. The questions of law and fact common to the putative collective predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, whether Defendants failed to pay Plaintiffs their earned overtime wages, and the

full rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 per week.

32. The claims of the Named Plaintiff are typical of the claims of the putative collective.

33. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative collective. Plaintiffs' counsel is experienced in complex wage and hour class and collective action litigation.

34. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy. The members of the putative collective lack the financial resources to adequately prosecute separate lawsuits against Defendants. A collective action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policy and practice.

## VIRGINIA WAGE CLASS ALLEGATIONS

35. Plaintiffs bring their Virginia claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the Named Plaintiff and a putative class of all persons who have been employed by Defendants to perform kitchen work, including as cooks, food preparers, dishwashers, cleaners, helpers, servers, and in other similar kitchen-related tasks during the Class Period.

36. Plaintiffs regularly worked in excess of 40 hours per week, without receiving proper overtime compensation as required by applicable state law.

37. As part of their regular business policy and practice, Defendants intentionally, willfully, and repeatedly violated the VOWA by willfully failing to pay Plaintiffs overtime at a rate of one and one half times the regular rate of pay.

38. Upon information and belief, Defendants uniformly apply the same employment policy and practice to all members of the putative class.

39. Class action treatment of Plaintiffs' claims are appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

40. The putative class is so numerous that joinder of all members is impracticable. Although the precise number of putative class members is unknown, upon information and belief, the size of the putative class is believed to be in excess of 100 individuals. In addition, the names of all potential members of the class are not known.

41. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, whether Defendants failed to pay Plaintiffs their earned overtime wages, and the full rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 per week.

42. The claims of the Named Plaintiff are typical of the claims of the putative class.

43. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. Plaintiffs' counsel is experienced in complex wage and hour class and class action litigation.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The members of the putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policy and practice.

45. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3)

because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

46. Accordingly, the Virginia Wage Class should be certified.

## FACTS

47. Beginning in or about July 2019, Defendants employed numerous individuals to perform kitchen work, including as cooks, food preparers, dishwashers, cleaners, helpers, servers, and in other similar kitchen-related tasks, at Fort Pickett in Blackstone, Virginia.

48. While working for Defendants, Plaintiffs regularly worked in excess of 40 hours per week without receiving proper overtime compensation as required by applicable federal.

49. Plaintiff Julio worked for Defendants beginning on approximately August 24, 2021 through November 18, 2021.

50. Plaintiff Julio typically performed food preparation and cooking work.

51. Plaintiff Julio typically worked seven days per week from approximately 2:00 a.m. to 2:00 p.m., for a total of approximately 84 hours per week.

52. During the first four weeks of his employment, Plaintiff Julio worked even later, until approximately 5:00 or 6:00 p.m.

53. Plaintiff Julio worked during the "night shift" with approximately fifty workers. Approximately fifty workers also worked the "day shift."

54. Defendants required Plaintiff Julio and his co-workers to stay in a Holiday Inn Express in Petersburg, VA during their employment, which was paid for by Defendants. Accordingly, Plaintiff Julio and his co-workers would leave the hotel at approximately 1:00 a.m. where they were picked up in vans and driven approximately one hour to Fort Pickett to begin

work. Similarly, after their shift, Plaintiff Julio and his co-workers were picked up by vans at Fort Pickett and driven approximately one hour back to the hotel. Approximately sixteen workers would ride in each van.

55. Plaintiff Julio was paid approximately $350 per day, regardless of how many hours he worked.

56. Plaintiff Julio was not paid overtime at time and one-half his regular hourly wage for all the hours over 40 that he worked.

57. Plaintiff Julio's co-workers worked similar hours and received similar pay, and were thus also not paid overtime at time and one-half their regular hourly wages for all the hours over 40 that they worked.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS: FLSA OVERTIME COMPENSATION

58. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

59. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer . . . ."

60. Named Plaintiff and other members of the putative collective are employees, within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

61. Defendants constitute "employers" within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d) and consequently, are liable for violations of the FLSA. § 203(d).

62. Defendants failed to pay the Named Plaintiff and other members of the putative collective all earned overtime wages, at the rate of one and one half times the regular rate of pay,

for the time in which they worked after the first 40 hours in any given week.

63. Upon information and belief, the failure of Defendants to pay the Named Plaintiffs and other members of the putative collective their rightfully owed overtime compensation was willful.

64. By the foregoing reasons, Defendants are liable to the Named Plaintiff and other members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS: VIRGINIA OVERTIME WAGE ACT ("VOWA")

65. Defendants are "employers" within the meaning of VOWA, formerly VA. Code § 40.1-29.2(A).

66. Plaintiffs are "employees" within the meaning of VOWA, formerly VA. Code § 40.1-29.2(A).

67. Plaintiffs were or have been employed by Defendants since July 1, 2021, and have been covered employees entitled to the protections of VOWA.

68. Defendants are not exempt from paying Plaintiffs overtime in accordance with VA. Code § 40.1-29.2.

69. VOWA went into effect on July 1, 2021, and for the first time provided employees in Virginia with a state law right of action to recover overtime premiums earned for all work performed in excess of 40 hours per week.

70. From July 1, 2021 through June 30, 2022 VOWA required that an employer – like Defendants – pay its hourly employees an overtime premium of not less than one and one-half times the employee's regular rate of pay. *See* Code of Va. § 40.1-29.2(B).

71. Plaintiffs are non-exempt hourly kitchen employees who are, entitled to the protections of VOWA.

72. Defendants have violated VOWA by engaging in a policy and practice of requiring their employees to regularly work in excess of forty (40) hours per week, without providing overtime compensation.

73. Defendants are not entitled to any of the exemptions under VOWA to avoid paying Plaintiffs the required overtime premium for time spent working in excess of 40 hours per week.

74. Plaintiffs seek to recover their unpaid overtime owed to them as a result of Defendants' unlawful policies and practices.

75. Plaintiffs have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

76. The Defendants have knowingly violated Code of Va. § 40.1-29.2 by failing to pay Plaintiffs, and those similarly situated, overtime premiums.

77. Plaintiffs seek recovery of the unpaid overtime premiums earned and due, double or treble damages, attorneys' fees, and costs. *See* former Code of Va. § 40.1-29.2(F) (incorporating the enforcement and damages provisions of the VWPA at Code of Virginia § 40.1-29(J)).

78. Plaintiffs bring this action for all violations alleged herein commencing July 1, 2021, through July 1, 2022.

**WHEREFORE**, Named Plaintiff, individually and on behalf of those similarly situated, demands judgment:

(1) on the first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(2) on the second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages (double damages or triple damages upon a finding that Defendants' violations were "knowing), interest, attorneys' fees and costs;

(3) Any further relief the Court may deem appropriate.

Dated: July 29, 2022

        By:    /s/ *Zev H. Antell*
                Craig Juraj Curwood (VSB No. 43975)
                Zev H. Antell (VSB No. 74634)
                Butler Curwood, PLC
                140 Virginia Street, Suite 302
                Richmond, VA 23219
                804.648.4848
                craig@butlercurwood.com
                zev@butlercurwood.com

                and

                /s/ Lloyd Ambinder, Esq.
                Lloyd R. Ambinder, (*Pro Hac Vice Anticipated*)
                Leonor Coyle (*Pro Hac Vice Anticipated*)
                Michele A. Moreno (*Pro Hac Vice Anticipated*)
                Virginia & Ambinder, LLP
                40 Broad Street, 7th Floor
                New York, New York 10004
                (212) 943-9080
                lambinder@vandallp.com
                lcoyle@vandallp.com
                mmoreno@vandallp.com

                *Counsel for Plaintiffs*