IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| CARLOS JULIO and DANIEL HERNANDEZ, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KBR, INC., KBR HOLDINGS, LLC, BOLTON HOLDINGS, LLC dba INDUSTRIAL TENT SYSTEMS LLC and dba LODGING SOLUTIONS LLC, INDUSTRIAL TENT SYSTEMS, LLC, INDUSTRIAL TENT SYSTEMS HOLDINGS, LLC, LODGING SOLUTIONS, LLC, 2 M LODGING SOLUTIONS, LLC and STAR PAYMENT SYSTEMS, INC.,<br><br>Defendants. | Civil Action No. 3:22-cv-530-HEH |

**DEFENDANTS KBR, INC. AND KBR HOLDINGS, LLC'S
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
<u>PARTIAL MOTION TO DISMISS PLAINTIFFS' CLAIMS</u>**

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants KBR, Inc. and KBR Holdings, LLC (collectively "KBR" or "KBR Defendants"), by and through their counsel, hereby request the Court take judicial notice of the following documents in support of their Partial Motion to Dismiss Plaintiffs' Claims:

1.   **Exhibit 1** – Notice of Withdrawal of Consent filed by Plaintiff Carlos Julio in this case on August 18, 2022.  (Dkt. 11.)

2.   **Exhibit 2 –** Deed #1382 Ceding Land from the Commonwealth of Virginia to the United States of America, dated June 28, 1953 (the "Fort Pickett Deed");

Federal Rule of Evidence 201 permits courts to take judicial notice of any fact "not subject to reasonable dispute" which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2). Courts may consider matters judicially noticed, such as public records, when considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hall v. Virginia*, 385 F.3d 421, 424, n. 3 (4th Cir. 2004); *see also Papasan v. Allain*, 478 U.S. 265, 268, fn. 1 (1986) ("Although this case comes to us on a motion to dismiss under Federal Rule of Civil Procedure 12(b), we are not precluded in our review of the complaint from taking notice of items in the public record. . . . .").

The Fourth Circuit has specifically recognized that "'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'" *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (citing 21 C. Wright & K. Graham, FED. PRACTICE AND PROCEDURE: EVID. § 5106 at 505 (1977)); *see also Anderson v. Federal Deposit Ins. Corp.*, 918 F.2d 1139, 1141, n. 1 (4th Cir. 1991) ("we believe a district court should properly take judicial notice of its own records"); *Howard v. Sharrett*, 540 F.Supp.3d 549, 551, n. 1 (E.D. Va. 2021) (court taking judicial notice of prior criminal court proceedings). Courts "may take judicial notice of public court records and parties' admissions even if they are attached only to the motion to dismiss." *Lovegrove v. Brock & Scott, PLLC*, No. 2:16cv418, 2017 WL 216698, at *3 (E.D. Va. Jan. 17, 2017); *see also Laurel Gardens, LLC v. MJL Enters., LLC*, No. 2:18cv210, 2018 WL 3468362, at *2 (E.D. Va. Jul. 18, 2018) (court properly took judicial notice of settlement between the same parties filed in prior case). The Notice of Withdrawal of Consent filed by Plaintiff Carlos Julio is part of the Court's records in this case and thus appropriate for judicial notice here. Further, it is not subject to dispute that he withdrew his consent to be a party to Plaintiffs' Fair Labor Standard Act ("FLSA") claim. *See* Ex. 1 hereto.

Courts in the Fourth Circuit also routinely take judicial notice of deeds because they are public records. *See, e.g.*, *Pannell v. Green Tree Servicing, LLC*, No. 5:14-cv-14198, at *3 (S.D.W. Va. Jul. 8, 2014); *Alston v. Federal Nat'l Mortg. Ass'n*, No. TDC-17-2938, 2018 WL 2938909, at *1, fn. 2 (D. Md. Jun. 12, 2018); *Harris v. Nationstar Mortg. LLC*, No. CCB-19-3251, 2020 WL 4698062 at *2, fn. 1 (D. Md. Aug. 13, 2020). The Fort Pickett Deed is a matter of public record and thus appropriate for judicial notice here. *See* Ex. 2 hereto. It is therefore properly judicially noticed because the deed is "not subject to reasonable dispute because [it] … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2). Such official government records are self-authenticating. FED. R. EVID. 902.

Accordingly, the KBR Defendants respectfully request the Court take judicial notice of Exhibits 1 and 2, as requested, in considering their Motion to Partially Dismiss Plaintiffs' Claims that is filed concurrently herewith.

Dated: November 7, 2022

*/s/ Yvette V. Gatling*
Yvette V. Gatling, Bar No. 92824
ygatling@littler.com
Michael Scott McIntosh, Bar No. 83416
mmcintosh@littler.com
Sarah Martin, Bar No. 92927
smartin@littler.com

LITTLER MENDELSON, P.C.
1800 Tysons Boulevard
Suite 500
Tysons Corner, VA  22102
Telephone:   703.442.8425
Facsimile:    703.442.8428

*Attorneys for Defendants*
*KBR, Inc. and KBR Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 7th day of November 2022, a true copy of the foregoing was served the Court's CM/ECF system, which sent notice of filing to the following:

BUTLER CURWOOD, PLC
Craig Juraj Curwood
Zev Antell
140 Virginia Street, Suite 302
Richmond, VA 23219
craig@butlercurwood.com
zev@butlercurwood.com

VIRGINIA & AMBINDER, LLP
Lloyd R. Ambinder
Leonor Coyle
Michele A. Moreno
40 Broad Street, 7th Floor
New York, NY 10004
lambinder@vandallp.com
lcoyle@vandallp.com
mmoreno@vandallp.com

*Counsel for Plaintiffs*

SPENCER FANE LLP
Anthony J. Ferate
9400 North Broadway Extension,
Suite 600
Oklahoma City, Oklahoma 73114-7423
ajferate@spencerfane.com

Sonja J. McGill
2200 Ross Avenue
Suite 4800 West
Dallas, Texas 75201
smcgill@spencerfane.com

*Counsel for Defendants Bolton Holdings, LLC, Industrial Tent Systems, LLC, Industrial Tent Systems Holdings, LLC, Lodging Solution, LLC, and Star Payment Systems, Inc.*

/s/ *Yvette V. Gatling*
Yvette V. Gatling
*Attorneys for Defendants*
*KBR, Inc. and KBR Holdings, LLC*